BLD-201                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1463
_____

UNITED STATES OF AMERICA

v.

MANUEL GONZALEZ,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00015-001)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 23, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Manuel Gonzalez, proceeding pro se, appeals from the District Court's

order denying his motion for compassionate release filed pursuant to 18 U.S.C.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 3582(c)(1)(A).  The Government has filed a motion for summary affirmance.  For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

After a trial in 2014, a jury in the United States District Court for the Eastern District of Pennsylvania found Gonzalez guilty of possessing a firearm while a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The District Court sentenced him in 2015 to a term of 200 months in prison, based in part on a sentencing enhancement under the Armed Career Criminal Act.  However, after the United States Supreme Court issued its decision in Johnson v. United States, 576 U.S. 591 (2015), the District Court granted his motion to vacate sentence and resentenced Gonzalez without the enhancement to a term of 120 months in prison.  He is currently scheduled for release on September 23, 2022.

In January 2021, Gonzalez submitted a pro se motion for compassionate release from custody.[2]  He claimed to suffer from serious medical conditions that, when considered with prison conditions, placed him at a significantly higher risk for severe complications if he caught the COVID-19 virus.  The District Court denied the motion, and Gonzalez filed this timely appeal.  After Gonzalez filed an informal opening brief, the Government moved to summarily affirm the District Court's order denying compassionate release.

---

[1] We also grant the Government's motion to be excused from filing a brief.

[2] Gonzalez initially sought compassionate release from the warden of his prison.  The warden denied the request.

We have jurisdiction over the appeal under 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment after weighing the relevant factors. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

Here, the District Court concluded that Gonzalez's health factors, including obesity, high blood pressure, and prediabetes did not constitute "extraordinary and compelling" reasons for his release. See District Court Memorandum at 3-6. The District Court continued that, even if Gonzalez had demonstrated "extraordinary and compelling" reasons, a balancing of the applicable § 3553(a) factors did not support granting Gonzalez compassionate release. Id. at 6. The District Court noted that

3

Gonzalez is serving his present sentence for possessing a loaded weapon while on parole for two violent offenses in which he used a gun. The Court explained that Gonzalez had chosen to do this even after serving long sentences for those violent firearm offenses, and that his release would not "reflect the seriousness of his offense, promote respect for the law, provide just punishment or afford adequate deterrence." Id. (citing § 3553(a)(2)(A)-(B)). The District Court concluded that Gonzalez remains a danger to the community because he continues, undeterred, to illegally possess and use firearms. See id. (citing § 3553(a)(2)(C)).

On appeal, Gonzalez does not challenge the District Court's conclusions drawn after weighing of the section 3553(a) factors at all. Instead, he argues that the District Court impermissibly relied on U.S.S.G. § 1B1.13, a policy statement in the Guidelines, in its "extraordinary and compelling" analysis. However, Gonzalez's argument is inapposite. Here, the District Court made clear that, regardless of whether he met the "extraordinary and compelling" standard, the application of the section 3553(a) factors worked against Gonzalez's release. See Dist. Ct. Mem. at 1, 6. We discern no error of judgment here. See Pawlowski, 967 F.3d at 330-31 (holding that the district court did not abuse its discretion by deciding that § 3553(a) factors weighed against granting compassionate release).

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's February 19, 2021 judgment. See 3d Cir. I.O.P. 10.6.